UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AIG FEDERAL SAVINGS BANK and )<br>WILMINGTON FINANCE, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 10-cv-00178-LPS |

**DEFENDANT WILMINGTON FINANCE, INC.'S MOTION TO REOPEN
AND ENTER ORDER OF DISMISSAL WITH PREJUDICE**

Wilmington Finance, Inc. ("Wilmington") hereby moves to reinstate this matter for the limited purpose of entering an Order of Dismissal with Prejudice. Wilmington requests that the Court enter the Proposed Order, attached hereto.

In support of this motion, Wilmington states as follows:

1. This is an enforcement action commenced by the United States, resolving certain claims that Defendants engaged in activity in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. It was commenced in this Court and resolved by the filing of a proposed Consent Order on March 4, 2010. Dkt. #1, 3.

2. On March 19, 2010, this Court, per Farnan, J., approved and entered the Consent Order (attached hereto as Exhibit A), between Plaintiff United States and Defendants AIG Federal Savings Bank and Wilmington Finance, Inc. Dkt. #4. The Consent Order resolved all claims set forth in the United States' Complaint against the Defendants in this action. Among other provisions, the Consent Order established a settlement fund to pay consumer borrowers and contained lending restrictions and requirements that would apply in certain defined circumstances.

3. The Court issued a later order, after Judge Farnan left the bench and the matter was reassigned, approving of the disbursements to charities of funds that were left over after the fund was distributed to the borrowers. Dkt. #6.

4. Pursuant to paragraph 27 of the Consent Order, the Consent Order's requirements were to be in effect for three years, "at which time they w[ould] expire and be of no further applicability."

5. Paragraph 31 of the Consent Order stated that the Court would retain jurisdiction to enforce the terms of the Consent Order during its three-year duration, "after which time the case shall be dismissed with prejudice."

6. On March 25, 2010, after entry of the Consent Order, the Court administratively closed this matter.

7. Each of the requirements of the Consent Order and, consequently, the Court's authority to enforce those requirements expired in March 2013, three years from the date of this Court's approval and entry of the Consent Order.

8. Because the terms of the Consent Order have expired, paragraph 31 expressly mandates entry of dismissal with prejudice of this action. As the Consent Order resolved all issues between the parties, the dismissal order should also provide that each party shall bear its own costs.

WHEREFORE, Wilmington respectfully requests that the Court reopen this case and enter an Order dismissing the above-captioned action with prejudice.

Dated this 17th day of November, 2016.    Respectfully submitted,

SAUL EWING LLP

/s/  *Gerard M. Clodomir*
James D. Taylor, Jr., Esquire (#4009)
Gerard M. Clodomir, Esquire (#5467)
1201 N. Market Street, Suite 2300
Wilmington, DE  19801
(302) 421-6800
jtaylor@saul.com
gclodomir@saul.com

*Attorneys for Wilmington Finance, Inc.*